## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deborah A. Phipps,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0126** (Berkeley County 12-F-15)

**Lori Nohe, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Deborah A. Phipps, by counsel Kimberley T. Crockett, appeals the Circuit Court of Berkeley County's January 6, 2016, order denying her amended petition for writ of habeas corpus. Respondent Lori Nohe, Warden, by counsel Benjamin M. Hiller, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her amended habeas petition on the grounds of ineffective assistance of counsel and cruel and unusual punishment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2004, a grand jury indicted petitioner on thirteen counts of uttering; thirteen counts of forgery; and one count of petit larceny. In May of 2004, the State extended a binding plea offer to petitioner whereby she would plead guilty to counts one and three charging forgery and counts two and four charging uttering. Petitioner would be sentenced to not less than one nor more than ten years of incarceration for each count, with the sentences to run consecutively for a total sentence of four to forty years of incarceration. Additionally, petitioner would plead, by information, to three counts of uttering and one count of conspiracy to commit uttering. For these crimes, petitioner would be sentenced to one to ten years of incarceration for each uttering charge and one to five years of incarceration for the charge of conspiracy to commit uttering, said sentences to run consecutively for a total sentence of four to thirty-five years of incarceration. Moreover, the two sets of sentences would run consecutively for a total aggregate sentence of eight to seventy-five years of incarceration. However, the State agreed to suspend the four to thirty-five year sentence in favor of five years of supervised probation to commence upon petitioner's release. Further, petitioner would agree to pay restitution to all victims, even if the charges related to a specific individual victim were dismissed. In exchange, the State offered to dismiss twenty-three counts from the indictment and forgo the prosecution of

1

any further offenses arising from these crimes. That same month, petitioner and her trial counsel, Steven Greenbaum, accepted the State's offer.

Pursuant to the plea agreement, petitioner pled guilty in May of 2004 to two counts of forgery and two counts of uttering, as charged in the indictment. Petitioner additionally pled guilty, by information, to three counts of uttering and one count of conspiracy to commit uttering. In June of 2004, the circuit court sentenced petitioner in accordance with the plea agreement. Petitioner did not appeal her conviction or sentence. In August of 2007, petitioner was released from incarceration to a detainer from the Commonwealth of Virginia, where she remained incarcerated for ten months. Upon her release from incarceration in Virginia in 2008, petitioner began her five year probation in West Virginia.

In May of 2009, the parole board found that petitioner violated the terms and conditions of her probation by using cocaine, no longer living at her listed address, and making a false written report to her parole officer, among other issues. As such, her parole was revoked. Petitioner then filed a petition for writ of habeas corpus in the circuit court challenging the revocation of her parole. That petition was denied.

In September of 2010, petitioner's probation was reinstated. However, in July of 2012, petitioner was convicted of attempted second-degree robbery and sentenced to a term of incarceration of five to eighteen years. Thereafter, in March of 2013, the State filed a second amended petition to revoke petitioner's probation upon the robbery conviction as well as a detainer filed by Virginia that charged petitioner with a separate count of robbery, among other probation violations. Petitioner admitted to the violations, and the circuit court revoked her probation before imposing her underlying sentence of four to thirty-five years of incarceration, less time served. The circuit court ordered this sentence to run consecutively to her other outstanding sentences.

Thereafter, petitioner filed a petition for writ of habeas corpus in the circuit court. The circuit court appointed counsel to assist in filing an amended petition, which petitioner filed in August of 2015. According to the amended petition, petitioner alleged ineffective assistance of trial counsel and cruel and unusual punishment in the form of an excessive sentence. Respondent filed a brief in December of 2015, and petitioner replied in January of 2016. Without holding a hearing, the circuit court denied petitioner's amended petition by order entered on January 6, 2016. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that she was entitled to habeas relief because her trial counsel was ineffective and because her sentence was unconstitutionally excessive. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal.[1] Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's January 6, 2016, "Order Denying Habeas Petition" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1]On appeal to this Court, petitioner presents only one argument not presented to the circuit court. Specifically, petitioner asks this Court to apply a plain error analysis to the imposition of her sentence, which we decline to do. Petitioner admits that her sentences conform to those set forth in the applicable statutes and does not allege that the circuit court considered any impermissible factors in imposing sentence. Accordingly, we note that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). For these reasons, we decline to address the circuit court's imposition of petitioner's sentence on appeal.

3